JUSTICE GRAY
dissenting.
I respectfully dissent from the majority opinion.
In my dissent in State v. Allen (1992), [256 Mont. 47], 844 P.2d 105, 49 St.Rep. 1130, I expressed my concerns regarding this Court’s new interpretation of the “exigent circumstances” test; in addition, I questioned the Court’s record-based assertions. I reiterate those concerns and questions here. The majority’s purported reliance on the cardinal constitutional principle that warrantless searches are per se unreasonable rings hollow indeed in light of its continued broadening of the automobile exception. I cannot agree.
With regard to the majority’s analysis of the probable cause prong of the automobile exception to the warrant requirement, I disagree totally with the majority that it was “reasonable to assume” that the pipe was in the jacket because the pipe was not found where McCarthy thought he had seen it. This “reasonable assumption” is the creation of the majority and not of the officer at the scene. Indeed, Officer Swingley did not testify or even suggest that he removed the baggie from McCarthy’s jacket as part of a search for the pipe; he merely saw the baggie, assumed based on his training that it might contain marijuana, and removed it from the jacket.
I also disagree with the majority’s analysis of the “exigent circumstances” prong. Its construct that McCarthy could have removed or destroyed the evidence is belied by the record. Officer Swingley *60 testified that McCarthy had access to the vehicle before the arrival of law enforcement personnel and, of course, during the time that he made a limited search for the pot pipe in Swingley’s presence. Officer Swingley also testified that, after the arrival of law enforcement personnel, he was allowing access to the vehicle only by them or emergency medical personnel. In addition, the majority’s conclusion that it was impracticable for Officer Swingley to remain at the scene is irrelevant, since the record reflects that a Lewis and Clark County deputy sheriff also was at the scene. In this regard, the majority’s statements that either McCarthy, the owner of the vehicle or “anyone” could have removed evidence from the car had officers left before it was towed constitute a speculative spinning out of potential problems which simply are not supported by the record before us, particularly given the presence of Deputy Sheriff Weisner. Under these facts, I do not believe the “exigent circumstances” test is met; therefore, it is my view that McCarthy’s constitutional right to be free from unreasonable searches and seizures was violated.
My most fundamental concern with the majority opinion, however, is this Court’s apparent intention to continue to broaden the automobile exception to the warrant requirement to cover any possible set of facts. It accomplishes this objective by (1) accepting and adopting the United States Supreme Court’s pronouncements of federal constitutional law in the context of a challenge brought under both the United States and Montana Constitutions; and (2) adopting the “suggestion” of “certain authorities” — here, a treatise by J. Hall — for the concept that it is appropriate under the Montana Constitution to overlay a “totality of circumstances” standard onto the “exigent circumstances” test. Such an approach is a far and, in my view, unwarranted cry from the constitutional standard enunciated by this Court in State v. Sawyer (1977), 174 Mont. 512, 571 P.2d 1131.
In considering challenges under the Montana Constitution to an inventory search of a vehicle in Sawyer, this Court stated that “[i]t is axiomatic that a search must comport with state and federal constitutional law.” Sawyer, 571 P.2d at 1133 (emphasis added). We went on to conclude that it was not necessary to consider the Fourth Amendment to the United States Constitution, “because we view the Montana Constitution to afford an individual greater protection in this instance than is found under the Fourth Amendment....” Sawyer, 571 P.2d at 1133. We continued by quoting both the individual right to privacy section and the search and seizure section of the Montana Constitution, stating that the inventory search at issue was a “sig *61 nificant invasion of individual privacy.” Sawyer, 571 P.2d at 1133. Interestingly, we noted that while an automobile and a home may differ for constitutional purposes, “ ‘[t]he word "automobile" is not a talisman in whose presence the Fourth Amendment fades away and disappears.’ ” Sawyer, 571 P.2d at 1133 (citations omitted). On the basis of the significant invasion of individual privacy inherent in the inventory search, we held the State to the “reasonableness” and “compelling state interest” standards of the Montana Constitution and affirmed the district court’s suppression of the evidence.
In the case now before us, the word “automobile” magically has become the talisman before which constitutional prohibitions against unreasonable searches fade away and disappear. While the majority is willing to walk away from this State’s constitution and its significant protections, I am not. In addition to my conclusion that the facts of this case constitute a violation of the constitutional guarantee against unreasonable searches on a stand-alone basis, I would apply the Montana Constitution’s combined privacy right and prohibition against unreasonable searches to McCarthy’s jacket under the facts of this case. To me, it is neither logical nor supportable that McCarthy’s privacy interest in his jacket, and the protection to which he and the jacket would have been entitled had he been wearing it, must give way to an automobile “exception” now so broad as to swallow the warrant requirement altogether, given Sections 10 and 11 of Article II of the 1972 Montana Constitution.
Like the majority, I am mindful of the pitfalls faced by law enforcement officers on the front line in attempting to meet constitutional requirements in this difficult area of searches. Those efforts are ■undertaken in good faith in the face of practical and often dangerous constraints. In addition, I understand the appeal of “bending” the constitution — particularly in these “law and order” days — when those involved are or may be offenders against the law. My view, however, apparently not shared by the majority, is that to undermine specific constitutional protections in one instance is to weaken and make vulnerable the full panoply of constitutional protections to which each of us is entitled in our daily lives.
JUSTICES TRIEWEILER and HUNT join in the foregoing dissent of JUSTICE GRAY.